IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00658-PSF-PAC

MELEA, LIMITED,
THE ADMIRALTY TRUST,
BARNACLE TRUST,
RUM ROW TRUST,
PORT ROYAL TRUST,
PORT ROYAL CHARITABLE TRUST, successor to the Michael Ladney Charitable Trust
and the Michael Ladney Charitable Remainder Trust,
RUSSBURY INTERNATIONAL LIMITED,
SEWARD INTERNATIONAL CORPORATION, BVI,
BUCCANEER INVESTMENTS LIMITED,

    Plaintiff(s),

v.

BARRY S. ENGEL,
ENGEL & REIMAN, P.C., f/k/a ENGEL, REIMAN & LOCKWOOD, P.C.,
LEO J. SPIVACK,
KLEINFELD & SPIVACK,
SOUTHPAC TRUST LIMITED,
SOUTH PACIFIC TRUSTEES INTERNATIONAL, INC.,
SOUTHPAC TRUST INTERNATIONAL, INC.,
JAWER SA.,

    Defendant(s).
_____

**ORDER** Re: Geneva Deposition
_____

Patricia A. Coan, Magistrate Judge

    Plaintiffs in this case claim damages from defendants because of alleged misappropriation of funds or failure to account for monies entrusted to them under an asset protection plan. An April 11, 2005 Order of Reference pursuant to 28 U.S.C. §636(a) and (b) referred this matter to the undersigned for pretrial case management.  The matter now

before the Court is defendants Barry S. Engel and Engel & Reiman, P.C.. f/k/a/ Engel, Reiman & Lockwood, P.C.'s Motion for Costs Related to Travel for Discovery and Deposition Located in Geneva, Switzerland, Doc. #62, filed January 12, 2006.  Plaintiffs have filed their response.  Oral argument would not be of material assistance.

I.

In their motion, Engel and Engel & Reiman contend that plaintiffs should reimburse these defendants for their airfare, food, travel, lodging, and other incidental expenses for their attendance at the deposition of a Jawer SA representative to be taken in Geneva, Switzerland.  Jawer SA is a co-defendant in this matter.

Plaintiffs respond that they are forced to travel to Geneva for the Jawer SA deposition because Geneva is Jawer SA's principal place of business and further that they have no obligation to pay defendants' expenses.

II.

I agree with plaintiffs.  The general rule is that the depositions of a corporation through its agents should be taken at the corporation's principal place of business. *See Thomas v. International Business Machines*, 48 F.3d 478, 483 (10th Cir.1995).  In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party.  *See Metrex Research Corp. v. United States*, 151 F.R.D. 122, 125 (D. Colo.)(M.J. Borchers)(internal citations omitted)

First, I note that defendants have not cited any applicable authority for their

position.[1]  Next, I do not find any exceptional or unusual circumstances here.  It is undisputed that Geneva, Switzerland is the location of Jawer SA's principal place of business.  Plaintiff therefore is required to travel to Geneva to depose defendant Jawer SA.  Plaintiff has no obligation to reimburse defendants Engel and Engel & Reiman for their expenses to attend the deposition.  Indeed, Engel and Engel and Reiman have no obligation to attend the deposition in person, because the alternatives of a telephone or videotaped deposition are available.  See Rules 30(b)(2), 30(b)(7), Fed. R. Civ.P. (2005).

### III.

Accordingly, for the reasons stated, IT IS HEREBY

**ORDERED** that Defendants Barry S. Engel and Engel & Reiman, P.C., f/k/a Engel Reiman & Lockwood, P.C.' s Motion for Costs Related to Travel for Discovery and Deposition Located in Geneva, Switzerland, filed January 12, 2006; Doc. No. 62, is **DENIED** in its entirety.

Dated February 15, 2006.

By the Court:
s/Patricia A. Coan
Patricia A. Coan
Magistrate Judge

---

[1] For example, the court in Custom Form Mfg., Inc. v. Omron Corp., 196 F.R.D. 333 (N.D. Ind. 2000) required depositions in the United States when it was undisputed that a foreign corporation was doing business in the United States and was subject to the court's jurisdiction.  Here, Jawer SA is disputing jurisdiction, and in furtherance of their motion, the Engel defendants have not provided the Court any evidence to show that Jawer SA is doing business in Colorado.