IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00658-PSF-PAC

MELEA, LIMITED,
THE ADMIRALTY TRUST,
BARNACLE TRUST,
RUM ROW TRUST,
PORT ROYAL TRUST,
PORT ROYAL CHARITABLE TRUST, successor to the Michael Ladney Charitable Trust
and the Michael Ladney Charitable Remainder Trust,
RUSSBURY INTERNATIONAL LIMITED,
SEWARD INTERNATIONAL CORPORATION, BVI,
BUCCANEER INVESTMENTS LIMITED,

    Plaintiff(s),

v.

BARRY S. ENGEL,
ENGEL & REIMAN, P.C., f/k/a ENGEL, REIMAN & LOCKWOOD, P.C.,
LEO J. SPIVACK,
KLEINFELD & SPIVACK,
SOUTHPAC TRUST LIMITED,
SOUTH PACIFIC TRUSTEES INTERNATIONAL, INC.,
SOUTHPAC TRUST INTERNATIONAL, INC.,
JAWER SA.,

    Defendant(s).
_____

**ORDER**
_____

**Patricia A. Coan, Magistrate Judge**

This case has been referred to the undersigned for pretrial case management. See April 11, 2005 Order of Reference. The matter before the Court is the Engel Defendants' Partially Unopposed Motion to Modify Scheduling Order, Doc. # 93.

The Engel defendants move again[1] for extensions of current pretrial deadlines for

---

[1] The discovery, dispositive motions and Rule 26(a)(2) deadlines were previously extended. See January 6, 2006 Minute Order, Doc. # 61.

sixty days, asserting "good cause" because of a pending motion to dismiss for lack of personal jurisdiction, see Engel Motion, ¶2.A., because of the number of depositions anticipated as needed, *id.* ¶2.B., because of counsels' schedules, *id.* ¶2.C., and because of allegedly incomplete document production from plaintiffs, so that rebuttal experts have not reviewed documents necessary for their reports.  *Id.* at 3-6.  Without the requested extensions, the Engel defendants claim they will be prejudiced.  According to the Engel defendants, all other counsel agree with the relief asked for in the motion, except that plaintiffs object to modification of the rebuttal Rule 26(a)(2) deadline.

The standard for modifying a scheduling order is "good cause."  See Rule 16(b), Fed.R. Civ.P.  The Engel defendants contend that plaintiffs' document production has been inadequate, but, upon reviewing the record, the Court finds that no motion to compel has been filed, and nothing has been filed with the instant motion to demonstrate a lack of production.  The Engel defendants next state that various counsel for the parties have trials or vacations in March and April of this year. but they fail to attach documentation, such as court orders with trial settings; and finally, they fail to explain the failure to take depositions or otherwise engage in discovery after the first scheduling conference on August 22, 2005 or after the second scheduling conference on November 9, 2005.  Under those facts, I do not find good cause, but I do find inaction and probable lack of diligence on the part of counsel.  See *Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (M.J. Boland) (internal citations omitted)(court may "modify the schedule on a showing of good cause [meaning that the deadline] cannot be met despite the diligence of the party seeking the extension.")

So that the clients do not suffer from counsels' inaction on this case, however, I will grant the Engel Defendants' Partially Unopposed Motion to Modify Scheduling Order, Doc. # 93 to allow for another thirty day extension only. Accordingly, it is

**ORDERED** that the Engel Defendants' Partially Unopposed Motion to Modify Scheduling Order, Doc. # 93, is granted in part and denied in part.  It is further

**ORDERED** that the <u>final</u> deadlines in this case are:

Complete rebuttal Rule 26(a)(2) information by **April 10, 2006**;

Discovery deadline: **May 15, 2006**;

Dispositive Motions deadline: **June 15, 2006**; and

The Final Pre trial Conference set for May 19, 2006 is **vacated and reset** to **August 17, 2006 at 10:00 a.m.** in Courtroom A-501. It is further

**ORDERED** that any other relief requested in the Engel defendants' motion is denied.

Dated this 10th day of March 2006.

By the Court:

s/Patricia A. Coan
Patricia A. Coan
United States Magistrate Judge