IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00658-PSF-PAC

MELEA, LIMITED;
THE ADMIRALTY TRUST;
BARNACLE TRUST;
RUM ROW TRUST;
PORT ROYAL TRUST;
PORT ROYAL CHARITABLE TRUST, successor to the Michael Ladney Charitable Trust
and the Michael Ladney Charitable Remainder Trust;
RUSSBURY INTERNATIONAL LIMITED;
SEWARD INTERNATIONAL CORPORATION BVI; and
BUCCANEER INVESTMENTS LIMITED,

      Plaintiffs,

v.

BARRY S. ENGEL; and
ENGEL & REIMAN, P.C., f/k/a Engel, Reiman & Lockwood, P.C.,

      Defendants.

## ORDER ON PENDING MOTIONS

This matter is before the Court on Parties' Joint Motion to Review and Modify Magistrate Judge's Order (Dkt. # 138), filed August 24, 2006, and Defendants' Unopposed Motion for Leave to Designate Nonparty (Dkt. # 152), filed October 11, 2006.

Simultaneously with the Joint Motion to Review, parties filed a Joint Motion for Reconsideration (Dkt. # 139), requesting identical relief but from the Magistrate Judge rather than from the undersigned. By Order dated October 4, 2006 (Dkt. # 147), the

Joint Motion for Reconsideration was granted, giving parties the relief they requested. Therefore, the Court denies the Joint Motion to Review as moot.

Defendants seek to designate Jawer, SA as a nonparty at fault. Jawer, SA was dismissed as a defendant from this case, premised on diversity jurisdiction, on September 18, 2006 for lack of personal jurisdiction. *See* Order on Jawer SA's Motion to Dismiss (Dkt. # 143). Generally a party who is alleged to be wholly or partially at fault must be designated as a nonparty at fault within 90 days of the commencement of the action. *See* C.R.S. § 13-21-111.5(3)(b). However, this timeframe is extended when "the court determines that a longer period is necessary." *Id.* Here, because Jawer, SA was a defendant in this action until September 18, 2006 and because defendants promptly moved to designate Jawer, SA thereafter, the Court finds "a longer period is necessary" and deems the designation timely. In light of defendants' specific allegations of wrongdoing (*see* Engel Defendants' Designation of Nonparty, attached to Defs.' Motion for Leave) and their representations that the motion is unopposed, the Court grants the Motion for Leave to Designate Nonparty at Fault.

As set forth above, Parties' Joint Motion to Review and Modify Magistrate Judge's Order (Dkt. # 138) is DENIED as moot and Defendants' Unopposed Motion for Leave to Designate Nonparty (Dkt. # 152) is GRANTED.

DATED: October 11, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge